UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-03434-RGK-SP | Date | June 29, 2026 |
|---|---|---|---|
| Title | *Sergio Gambarian v. Warden, Adelanto, ICE Processing Center et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Petitioner's *Ex Parte* Application for Temporary Restraining Order [2]

## I.     INTRODUCTION

On June 22, 2026, Sergio Gambarian ("Petitioner") filed a Petition for Writ of Habeas Corpus and the present *Ex Parte* Application for Temporary Restraining Order ("Application") against the Warden of the Adelanto ICE Processing Center, Ernesto Santacruz, Jr., Todd M. Lyons, Markwayne Mullin, and Todd Blanche (collectively, "Respondents"). (ECF Nos. 1, 2.) Petitioner is in U.S. Immigration and Customs Enforcement ("ICE") custody.

Petitioner seeks the Court's order that he be released from custody primarily because he claims continued detention is unnecessary. For the following reasons, the Court **DENIES** the Application.

## II.     JUDICIAL STANDARD

To justify *ex parte* relief, the movant must show: (1) "why the . . . ultimate relief requested cannot be calendared in the usual manner[;]" and (2) that he is "without fault in creating the crisis that requires *ex parte* relief." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

In addition, Section 2 of Central District of California General Order No. 26-05 provides that "[a]pplications for temporary restraining orders should be reserved for cases where the petitioner alleges imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-03434-RGK-SP | | Date | June 29, 2026 |
|---|---|---|---|---|
| Title | *Sergio Gambarian v. Warden, Adelanto, ICE Processing Center et al.* | | | |

### III.    DISCUSSION

Petitioner fails to meet the standard needed to justify *ex parte* relief.

Petitioner must show "why the accompanying proposed motion for the ultimate relief requested cannot be calendared in the usual manner. [T]he evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. at 492.

Petitioner fails to establish why his *Ex Parte* Application cannot be calendared in the usual manner. It is not clear to the Court why Petitioner requires immediate action through the *ex parte* process to be released from custody. Petitioner alleges no facts that specify why the Court *must* grant him relief by way of the current Application or risk irreparable prejudice should the merits of the Application be heard according to the regular noticed motion procedures. Accordingly, Petitioner fails to meet the first element of the *Mission Power* test, and *ex parte* relief is not justified. Furthermore, Petitioner does not articulate why any imminent, irreparable harm he may suffer, if any, cannot be addressed by the expedited habeas corpus petition briefing schedule indicated in General Order No. 26-05.

### IV.    CONCLUSION

For the foregoing reasons, Petitioner's Application is **DENIED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |